# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CAMILA ELLIS on behalf of her
minor child, A.L.,

    Plaintiff,

v.                                  Case No. 8:22-cv-1831-KKM-TGW

WAL-MART STORES EAST, LP,

    Defendant.
_____

## ORDER

Defendant Wal-Mart removed this action to federal court alleging diversity of citizenship and an amount in controversy in excess of $75,000 based on a "pre-suit demand letter and attachments thereto." Unsatisfied that the Court had subject matter jurisdiction because the demand letter was not attached to the removal action, the Court ordered Wal-Mart to show cause why the case should not be remanded. (Doc. 4.) Wal-Mart now files a response to the order, this time attaching the demand letter, (Doc. 7), and Plaintiff Camila Ellis moves to remand this action to state court. (Doc. 8.) Ellis argues that Defendant Wal-Mart has failed to establish that the amount in controversy exceeds $75,000.[1] (Doc. 6. at 1.) Finding that Wal-Mart has not provided sufficient evidence that the jurisdictional threshold is satisfied, the Court grants Ellis's motion to remand to state court.

## I. BACKGROUND

This action arose from a January 2, 2021 fall involving Ellis's minor daughter inside a Wal-Mart store. (Doc. 1-1 at 1.) Ellis's state court complaint alleges that

---

[1] The parties do not dispute that diversity exists between them. (Doc. 1; Doc. 8.) The Court is also satisfied that diversity exists. (Doc. 1 at 4.)

A.L. "suffered permanent physical injury and resulting pain and suffering, disability, disfigurement, mental paint and suffering, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, and treatment, loss of earnings, and loss of ability to earn money." (Doc. 1-1 ¶ 12.)

On November 11, 2021, an attorney for Ellis's minor daughter sent a demand letter to Wal-Mart's insurance company, requesting the policy limit of $150,000 to settle her claims. (Doc. 7-1.) On July 8, 2022, Ellis filed suit in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, seeking damages of more than the jurisdictional floor of $30,000. (Doc. 1-2 at 1.)

## II.     LEGAL STANDARD

United States district courts have jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A state court defendant may remove any case in which a federal district court would have had original jurisdiction. *See* § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). The removing party must show, by a preponderance of the evidence, that the amount in controversy is satisfied. *See id.* at 1281 n.5. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But a "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). In making a determination, a court may consider

the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("[The] defendant may introduce affidavits, declarations, or other documents showing that the amount in controversy exceeds $75,000."). A court may draw reasonable deductions and inferences from these documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). That said, courts must construe removal statutes strictly, "resolving doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).

### III.   ANALYSIS

To prevent remand, Wal-Mart must establish that the amount in controversy exceeds $75,000, providing "specific factual allegations establishing jurisdiction." *Pretka*, 608 F.3d at 754. Wal-Mart has not carried its burden.

Wal-Mart's only evidence is the November 11, 2021 pre-suit letter asking for $150,000 to resolve her claims without litigation. (Doc. 7-1.) *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). But courts frequently disregard settlement demands that "merely reflect puffing and posturing." *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1965-O-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (Conway, J.) (citations omitted). So, Wal-Mart may not rest upon this demand alone and "must provide specific information to the Court demonstrating that the demand letter offers a reasonable assessment of the value of the claim." *Ashmeade v. Farmers Ins. Exch.*, No. 5:15-cv-533-OC-34PRL, 2016 WL

3

1743457, at *3 (M.D. Fla. May 3, 2016) (Howard, J.). While the letter demands $150,000, it only substantiates $5,013.45 of that amount through current medical bills, which it states include "[t]he aggregate of medical bills for medical services rendered to our client." (Doc. 7-1.) That leaves Wal-Mart with more than a $69,000 gap.

Of course, the minor's expenses may not have ceased on November 11, 2021. But Wal-Mart has provided no documents or estimates to support a conclusion that any pending bills or future expenses will make up the missing $69,000. As such, "the unsubstantiated cost of these hypothetical future medical expenses is too speculative" for this Court to rely on. *Parham v. Osmond*, No. 8:19-CV-592-T-60SPF, 2019 WL 3822193, at *3 (M.D. Fla. Aug. 15, 2019) (Barber, J.). This Court cannot engage in "conjecture, speculation, or star gazing" to make up for Wal-Mart's failure to provide specific facts and information on the amount in controversy. *Pretka*, 608 F.3d at 754.

Wal-Mart also argues that "this Court's common sense understanding of the allegations" should lead it to infer that the amount-in-controversy requirement is met and points to the complaint's assertion that the minor's injuries were "permanent." But the Court declines to draw inferences from the vague language in the complaint to determine the amount in controversy is met.

## IV. CONCLUSION

Wal-Mart has not provided this Court with sufficient material to find by a preponderance of the evidence that the amount in controversy in this action exceeds the jurisdictional amount. Wal-Mart has not met its burden for removal purposes.

Accordingly, the following is **ORDERED:**

1. Ellis's motion for remand (Doc. 8) is **GRANTED**.
2. The Clerk is **DIRECTED** to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and to transmit a certified copy of this order to the clerk of that court.

**DONE AND ORDERED** at Tampa, Florida, on August 18, 2022.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of record